UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                           2:10-cr-115-FtM-29SPC

ROBERTO CRUZ
EVA CRUZ

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Defendant Roberto Cruz's Motion to Stagger Sentence With Co-Defendant/Wife (Doc. #138) filed on August 23, 2011, Eva Cruz's Motion for Release on Bond Pending Appeal (Doc. #139) filed on August 25, 2011, and Defendant Eva Cruz's Unopposed Motion to Adopt Co-Defendant Roberto Cruz' Motion to Stagger Sentence of Co-Defendant/Wife (Doc. #140) filed on August 29, 2011. The United States filed a Response (Doc. #143) on September 9, 2011. As discussed at the sentencing hearings, the thrust of all the motions is to allow the prison terms of the defendants, husband and wife with small children, to be staggered so the children would not be without both parents simultaneously.

Since filing the motions, both defendants have filed Notices of Appeal (Docs. #141, 142). The first question, therefore, is whether the Court has jurisdiction to decide the motions. The filing of a notice of appeal divests the trial court of jurisdiction over the matters at issue in the appeal, except to the extent that the trial court must act in aid of appellate review,

and the trial court is without authority to modify a sentence. Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986). Once divested of jurisdiction, a district court's authority is restored only upon remand from the appellate court. Wisecup v. James, 790 F.2d 841, 842 (11th Cir. 1986). However, a district court has dual jurisdiction with an appellate court over certain matters. "After the filing of a notice of appeal, the trial court retains jurisdiction to modify or grant an injunction pending appeal, to act with regard to appeal and supersedeas bonds, and to aid execution of a judgment that has not been superseded." United States v. Dunbar, 611 F.2d 985, 989 (5th Cir. 1980)[1](emphasis added). Both the trial court and an appellate court have authority to determine release or detention after imposition of sentence. 18 U.S.C. § 3141(b); Fed. R. App. P. 9(b). The Court concludes that it continues to have jurisdiction to resolve the motions despite the filing of the notices of appeal.

The Court concludes that neither defendant has established entitlement to bond pending appeal under 18 U.S.C. § 3143(b) because neither has shown that their appeal raises a substantial question of law or fact likely to result in a reversal or an order for a new trial. United States v. Giancola, 754 F.2d 898, 899-900

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(11th Cir. 1985). The Court also rejects defendant's position that the Court <u>must</u> stagger the periods of imprisonment because of defendants' four minor children. Defendants engaged in joint criminal activity while they had the children, and are not now entitled as a matter of right to have the Court ameliorate the foreseeable consequences of their criminal conduct. The Court does have the discretionary authority, however, to set a self-surrender date for a defendant. In this case, the most the Court is willing to do is to modify its prior verbal order allowing self-surrender and allow defendant Eva Cruz to surrender to the designated facility 30 days after her conviction becomes final on direct appeal. The Court finds no basis to delay the surrender of defendant Roberto Cruz.

Accordingly, it is now

**ORDERED:**

1. Defendant Roberto Cruz's Motion to Stagger Sentence With Co-Defendant/Wife (Doc. #138) is **GRANTED** to the extent set forth below as to co-defendant Eva Cruz, and is otherwise **DENIED.**

2. Defendant Eva Cruz's Motion for Release on Bond Pending Appeal (Doc. #139) is **DENIED.** The Court, however, will modify its prior verbal order regarding self-surrender as follows: Defendant Eva Cruz shall surrender to the designated federal institution within **thirty (30) days** of the date her conviction becomes final on direct appeal. Until that time, defendant Eval Cruz shall be under

the terms and conditions previously imposed for pretrial release. Violation of any of the terms and conditions will result in an order of immediate surrender to begin serving her sentence.

3. Defendant Eva Cruz's Unopposed Motion to Adopt Co-Defendant Roberto Cruz' Motion to Stagger Sentence of Co-Defendant/Wife (Doc. #140) is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of September, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Marshal
U.S. Probation
U.S. Pretrial Services