UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.   2:10-cr-115-FtM-29SPC

ROBERTO CRUZ
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for New Trial (Doc. #164), filed on December 30, 2011. With leave of Court (Doc. #167), the government filed a Response (Doc. #165) on January 25, 2012.

Defendant Roberto Cruz and his wife Eva Cruz were convicted after a jury trial of conspiracy to knowingly possess with intent to transfer unlawfully five or more identification documents, authentication features, and false identification documents, and to knowingly produce and possess a document-making implement and authentication feature with the intent that such document-making implement and authentication feature will be used in the production of a false identification document. (Doc. #96.) After sentencing, defendant Roberto Cruz filed a Notice of Appeal (Doc. #142), and the appeal remains pending before the Eleventh Circuit Court of Appeals. Defendant Roberto Cruz has now filed a motion for new trial based upon the "newly discovered" affidavit of a co-defendant/brother who testified against defendants at trial.

Despite a pending appeal, a district court has jurisdiction to entertain a motion for new trial under Federal Rule of Criminal Procedure 33. The Court may deny the motion, or certify its intention to the Court of Appeals to grant the motion if the case is remanded. United States v. Hogan, 181 F. App'x 803, 804 (11th Cir. 2006)(citing cases).

A new trial based on newly discovered evidence is warranted only if: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." United States v. Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005) (quotation omitted). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." Id. (quotation omitted). The motion for a new trial is based upon a post-conviction affidavit of Roberto Cruz's brother, Alex Cruz Juarez, a co-defendant who testified as a witness for the prosecution at trial, and has now completed his sentence and returned to Mexico. This affidavit recants the testimony given at trial and is now consistent with the theory of the defense that defense counsel attempted to elicit from Alex Cruz Juarez at trial. "Newly-available, exculpatory testimony of a co-defendant is not considered newly discovered evidence sufficient to grant a Rule 33 motion unless it satisfies this same five-part

test." United States v. DiBernardo, 880 F.2d 1216, 1224 (11th Cir. 1989).

The affidavit simply impeaches the witness's prior testimony given under oath, and does not warrant a new trial. When the resolution of a motion for new trial is clear, as it is in this case, a district court is not required to hold an evidentiary hearing. United States v. Jernigan, 341 F.3d 1273, 1289 (11th Cir. 2003). The undersigned was the trial judge in this case, and a district court's familiarity with a case can allow the court to rule on a motion for a new trial based on new evidence without holding an evidentiary hearing. See United States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997). The Court finds no evidentiary hearing is warranted in this case, and no reasonable jury would reach a different result given the witness's guilty plea and testimony under oath to the contrary of this affidavit.

Accordingly, it is now

**ORDERED**:

Defendant's Motion for New Trial (Doc. #164) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of January, 2012.

                                                                JOHN E. STEELE
                                                                United States District Judge

Copies:
Eleventh Circuit Court of Appeals
Counsel of Record